IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LAS SOLERAS CENTER, LLC,

     Plaintiff,

v.                                  1:25-cv-00880-KWR-JMR

CITY OF SANTA FE, NEW MEXICO,

     Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on Defendant's Motion to Dismiss. Doc. 13.

Plaintiff filed a response. Doc. 25. Defendant filed a reply. Doc. 30. District Judge Kea W. Riggs

referred the motion to me pursuant to 28 U.S.C. §§ 636(b)(1)(B) to recommend a disposition.

Doc. 29. Having reviewed the parties' submissions and the relevant law, I recommend the Court

GRANT the motion. Specifically, I recommend the Court dismiss Las Soleras's federal claims

(Claims 1–6) with prejudice and dismiss the state law claims (Claims 7–10) without prejudice.

## I.    Background

Las Soleras Center, LLC is suing the City of Santa Fe, New Mexico over a land

development project. Doc. 1 at 1 ¶ 3. Las Soleras is developing a 545-acre tract of land in Santa

Fe. Doc. 1 at 2 ¶ 10. As early as 2009, the City required Las Soleras to "convey and improve the

Las Soleras regional park . . . as a condition o[f] the approval and development of the Las

Soleras development." *Id.* at 3 ¶ 12, 4 ¶ 14. Over many years, the City amended the development

master plan occasionally demanding Las Soleras improve and convey even more park land. *Id.* at

4 ¶ 14. The last amendment of the master plan that demanded additional park land was

September 12, 2018. Doc. 13 at 8 (citing Doc. 13-1 at 3–4).

The parties agreed that the park improvements and conveyances would take place in three

phases with fully improved park land to be conveyed at the end of each phase. Doc. 1 at 5 ¶ 16.

The master plan provided that:

> a. Phase one of the required park improvements shall cost no less than $500,000.
>
> b. Phase two of the required park improvements shall cost no less than $450,000.
>
> c. Phase three of the required park improvements shall cost no less than $220,000.

*Id.* Thus far, only phase one is complete. *Id.* at 6 ¶¶ 21, 22. The City "accepted 11.155 acres of

improved park land" from Las Soleras on June 26, 2020. *Id.* at ¶ 22. The tracts of land to be

conveyed at the end of phases two and three are still in development. *Id.*

At some point, the City told Las Soleras that its sub-developers would not have to pay a

"park impact fee" because the master plan required Las Soleras to dedicate land for a regional

park. *Id.* at 5–6 ¶ 19 (citing Santa Fe City Code § 14-8.14(D)(1)(d)). Per the City Code,

"construction permits for new residential units that are part of a master plan . . . where land is

dedicated to the city to provide park land . . . are exempt from park impact fee." Santa Fe City

Code § 14-8.14(D)(1)(d). Nonetheless, the City did assess and "continued to assess park impact

fees against residential developments at Las Soleras." *Id.* at 8 ¶ 31.

Las Soleras is now suing the City asserting ten claims for relief. *Id.* at 10–19. Broadly

speaking, the claims fall into two categories. First, Las Soleras alleges that the City

unconstitutionally conditioned approval of the master plan on Las Soleras improving and then

conveying park land violating, both facially and as applied, the Fifth Amendment of the U.S.

Constitution, as incorporated by the Fourteenth Amendment. *Id.* at 12–16 (Claims 3, 4, 5)

(hereinafter, the "unconstitutional conditions claims"). Las Soleras alleges that the same conduct

also violated Article II, §§ 18 and 20 of the New Mexico Constitution. *Id.* at 17–19 (Claims 7,

10). Second, Las Soleras alleges that when the City imposed the park impact fees on Las

Soleras's sub-developers it violated the Fifth Amendment of the U.S. Constitution, as incorporated by the Fourteenth Amendment. *Id.* at 10–12, 16–17 (Claims 1, 2, 6) (hereinafter, the "park impact fees claims"). Again, Las Soleras alleges that the same conduct violated Article II, §§ 18 and 20 of the New Mexico Constitution. *Id.* at 18 (Claims 8, 9).

The City is moving to dismiss all ten claims. *See* Doc. 13.

## II.    Legal Standard

The Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation omitted). The Court assumes "the truth of the plaintiff's well-pleaded factual allegations and view[s] them in the light most favorable to the plaintiff." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

The burden is on the plaintiff to frame "a complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Twombly*, 550 U.S. at 556. Bare legal conclusions in a complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief. *Iqbal*, 556 U.S. at 679 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting FED. R. CIV. P. 8(a)(2)).

3

### III.    Analysis

I recommend that the Court dismiss Las Soleras's federal claims (Claims 1–6) with prejudice and the state law claims (Claims 7–10) without prejudice. Las Soleras's unconstitutional conditions claims (Claims 3–5) are barred by the statute of limitations. *Infra* § III(A). In contrast to the City's allegations, Las Soleras does sufficiently allege that it owned the property taken by the City. *Infra* § III(B). Las Soleras, however, lacks standing to bring its park impact fee claims (Claims 1, 2, 6). *Infra* § III(C). And because I recommend the Court dismiss all of the federal claims (Claims 1–6), I recommend the Court decline to exercise supplemental jurisdiction over the state law claims (Claims 7–10). *Infra* § III(D).

**A. Las Soleras's unconstitutional conditions claims are barred by the statute of limitations.**

The City argues that Las Soleras's unconstitutional conditions claims (Claims 3, 4, 5), brought under the federal Takings Clause, are barred by the statute of limitations. Doc. 13 at 6–9. The parties disagree as to the applicable statute of limitations. *See* Doc. 25 at 1–6. Regardless of the applicable statute of limitations, Las Soleras argues the accrual date has not passed because there has been a continuing violation of the law. *Id.* I find that the New Mexico personal injury statute, which is three years long, is the applicable statute of limitations. *Infra* § III(A)(i). As a result, I further find that the statute of limitation has expired for Las Soleras's unconstitutional conditions claims. *Infra* § III(A)(ii).

"The Takings Clause of the Fifth Amendment, applied to the States by incorporation through the Fourteenth Amendment, provides: '[N]or shall private property be taken for public use, without just compensation.'" *Alto Eldorado P'ship v. Cnty. of Santa Fe*, 634 F.3d 1170, 1173 (10th Cir. 2011) (quoting U.S. Const. amend. V). Federal Takings Clause claims are brought pursuant to 42 U.S.C. § 1983. *See, e.g.*, *Knick v. Twp. of Scott, Pennsylvania*, 588 U.S.

180, 185 (2019). The Supreme Court has described several types of government conduct that could violate the Takings Clause, each with its own distinct body of law. *See, e.g.*, *United States v. Pewee Coal Co.*, 341 U.S. 114, 115 (1951) (physical takings); *Murr v. Wisconsin*, 582 U.S. 383, 392 (2017) (regulatory takings). Here, the relevant Takings Clause doctrine is that of "unconstitutional conditions." *Dolan v. City of Tigard*, 512 U.S. 374, 385 (1994).

Under the doctrine of "unconstitutional conditions," "the government may not require a person to give up a constitutional right—here the right to receive just compensation when property is taken for a public use—in exchange for a discretionary benefit conferred by the government where the benefit has little or no relationship to the property." *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 547 (2005) (citation omitted). "[L]and-use permit applicants are especially vulnerable to the type of coercion that the unconstitutional conditions doctrine prohibits because the government often has broad discretion to deny a permit that is worth far more than property it would like to take." *Koontz v. St. Johns River Water Mgmt. Dist.*, 570 U.S. 595, 604–05 (2013). However, the government may "condition approval of a permit on the dedication of property to the public so long as there is a 'nexus' and 'rough proportionality' between the property that the government demands and the social costs of the applicant's proposal." *Id.* at 605–06 (citing *Dolan*, 512 U.S. at 391 and *Nollan v. California Coastal Comm'n*, 483 U.S. 825, 837 (1987)).

Las Soleras's claims 3, 4 and 5 are each unconstitutional conditions claims brought under the federal Takings Clause. Doc. 1 at 13–16. In Claim 3, Las Soleras alleges that the City violated the Takings Clause by requiring Las Soleras to convey park land as a condition of approving the development master plan. *Id.* at 13–14. In Claim 4, Las Soleras alleges the City again violated the Takings Clause by requiring Las Soleras to improve the park land before

5

conveying it. *Id.* at 14–15. In Claim 5, Las Soleras asserts a facial challenge to the city code that authorizes the City to demand private land for public parks. *Id.* at 15–16 (citing Santa Fe City Code § 14-8.15(C)(3)(a)–(b)).[1]

  **i.**  **The New Mexico personal injury statute is the applicable statute of limitation for Takings Clause claims.**

The parties disagree as to the applicable statute of limitations for federal Takings Clause claims. Doc. 13 at 6–9; Doc. 25 at 1–6. I find that the applicable statute of limitations is the New Mexico personal injury statute, which is three years long. *See* N.M. Stat. Ann. § 37-1-8.

"The statute of limitations period for a § 1983 claim is dictated by the personal injury statute of limitations in the state in which the claim arose." *Rogne v. City of Catoosa*, No. 25-5039, 2026 WL 446289, at *6 (10th Cir. Feb. 17, 2026) (citation omitted). In *Rogne,* the Tenth Circuit applied the Oklahoma personal injury statute of limitations to a Takings Clause claim. *Id.* In New Mexico, the statute of limitations for a personal injury claim is three years. N.M. Stat. Ann. § 37-1-8.

Plaintiff argues that there are two relevant statutes of limitation: the New Mexico statute of limitation for inverse condemnation claims and the statute of limitations for the United States

---

[1] The text of Claim 5 arguably also asserts a procedural and substantive due process violation. *See* Doc. 1 at 15 ¶ 88 ("In this instant, the City has violated both procedural and substantive due process in regard to taking Landowner's private property."). After reviewing the entirety of the complaint and the surrounding paragraphs of Claim 5, I do not believe that Las Soleras intended to assert a due process claim in Claim 5. *But see* Doc. 1 at 10–12 (Claim 1 asserting a due process claim). The City also characterizes Claim 5 as a "facial attack on the constitutionality City's Development Code provisions requiring park dedications." Doc. 13 at 9 n.9. Las Soleras did not dispute this characterization. *See generally* Doc. 25.

Regardless, in assessing the complaint, Las Soleras's Claim 5 due process claims only include legal conclusions without factual allegations to support the claims. *See* Doc. 1 at 15 ¶ 88. Therefore, Las Soleras failed to sufficiently plead a due process claim in Claim 5. *See* FED. R. CIV. P. 12(b)(6); *Iqbal*, 556 U.S. at 679.

Court of Federal Claims. Doc. 25 at 1–6 (citing N.M. Stat. Ann. § 42A-1-31 and 28 U.S.C. § 2501). As explained below, both are inapplicable.

First, the New Mexico inverse condemnation statute of limitations does not apply to federal Takings Clause claims. Plaintiff's argument relies on the legal principle that, for § 1983 claims, federal courts "borrow" "the state law of limitations governing an analogous cause of action." *Bd. of Regents of Univ. of State of N. Y. v. Tomanio*, 446 U.S. 478, 483–84 (1980). Under that theory, Plaintiff argues that "the analogous statute would be New Mexico's inverse condemnation statute." Doc. 25 at 2. However, this argument is based on outdated law. The Supreme Court has observed that "[l]imitation borrowing' . . . generated a host of issues that required resolution on a statute-by-statute basis." *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 378 (2004). To create uniformity, the Supreme Court decided that "all § 1983 suits must be brought within a State's statute of limitations for personal-injury actions." *Nance v. Ward*, 597 U.S. 159, 174 (2022) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). The Tenth Circuit has repeatedly held that "the statute of limitations period for a § 1983 claim is dictated by the personal injury statute of limitations in the state in which the claim arose." *Rogne*, 2026 WL 446289, at *6; *Schell v. Chief Just. & Justs. of Okla. Supreme Ct.*, 11 F.4th 1178, 1191 (10th Cir. 2021); *McCarty v. Gilchrist*, 646 F.3d 1281, 1289 (10th Cir. 2011). As such, the applicable statute of limitations is the New Mexico personal injury statute not the inverse condemnation statute. That said, the difference is immaterial here as both limitation periods are three years long. N.M. Stat. Ann. § 37-1-8 (personal injury); N.M. Stat. Ann. § 42A-1-31 (inverse condemnation).

Next, Plaintiff argues that the six-year limitation period under 28 U.S.C. § 2501 should apply. Doc. 25 at 5–6 (citing *Seldovia Native Ass'n v. United States*, 144 F.3d 769, 774 (Fed. Cir.

1998)). Section 2501 provides, "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." As the City explains, "[t]he Court of Federal Claims is a statutory court with limited jurisdiction over 'any claim against the United States.'" Doc. 30 at 4–5 (emphasis omitted) (quoting 28 U.S.C. § 1491(a)). This is not the Court of Federal Claims; nor is the United States the defendant. Even the cases cited by Las Soleras are all from the Federal Circuit Court of Appeals, the appellate court for the Court of Federal Claims, or the Court of Federal Claims itself. *See* Doc. 25 at 5 (citing *Seldovia Native Ass'n*, 144 F.3d at 774; *Alliance of Descendants of Texas Land Grants v. United States*, 37 F.3d 1478, 1481 (Fed. Cir. 1994); *Mildenberger v. United States*, 91 Fed. Cl. 217, 233 (Fed. Cl. 2010)). Section 2501 is inapplicable here.

The New Mexico personal injury statute of limitations is the applicable limitation period for Las Soleras's unconstitutional conditions claims.

### ii.    The statute of limitations has expired for Las Soleras's unconstitutional conditions claims.

The City argues that Las Soleras's unconstitutional conditions claims began to accrue, at the latest, when the Supreme Court decided *Knick v. Twp. of Scott, Pennsylvania*, 588 U.S. 180 (2019) on June 19, 2019. Doc. 13 at 8–9. Thus, the City argues the statute of limitations has expired. *Id.* at 9. In response, Las Soleras argues that the limitation period has been extended by the "continuing-violation doctrine," because "the City's Taking of private land is an ongoing injury." Doc. 25 at 3 (citing *Devbrow v. Kalu*, 705 F.3d 765, 770 (7th Cir. 2013)). I agree with the City that Las Soleras's unconstitutional conditions claims accrued, at the latest, on June 19, 2019. Therefore, the claims are time barred. *See also Aldrich v. McCulloch Props., Inc.*, 627 F.2d

8

1036, 1041 n.4 (10th Cir. 1980) ("Statute of limitations questions may . . . be appropriately resolved on a Fed.R.Civ.P. 12(b) motion.").

"Federal law determines the accrual of section 1983 claims." *Rogne*, 2026 WL 446289, at *6 (citing *Herrera v. City of Espanola*, 32 F.4th 980, 990 (10th Cir. 2022)). "[I]t is the standard rule that accrual occurs when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Id.* In other words, "a civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Herrera*, 32 F.4th at 990 (citation omitted).

"Once the government conditions the grant of a land-use permit on the surrender of a landowner's right to just compensation, a Takings Clause claim becomes cognizable." *Epcon Homestead, LLC v. Town of Chapel Hill*, 62 F.4th 882, 888 (4th Cir. 2023). In *Epcon*, the Fourth Circuit explained unconstitutional conditions "claims accrue[] when the plaintiff became aware of the governmental conduct constituting the taking." *Id.* at 887 (citing *Nat'l Advert. Co. v. City of Raleigh*, 947 F.2d 1158 (4th Cir. 1991) and *Halle Dev., Inc. v. Anne Arundel Cnty.*, 121 F. App'x 504 (4th Cir. 2005)). I am not aware of, and the parties do not cite to, any Tenth Circuit cases regarding the accrual date for unconstitutional conditions claims.

Notably, on June 21, 2019, the Supreme Court "opened federal courts to takings claims that had not undergone state-level review." Doc. 13 at 7 (citing *Knick*, 588 U.S. 180). "Before *Knick*, the Supreme Court said that a property owner asserting a taking by a local government must exhaust available state procedures for compensation before seeking relief in federal court." *Rogne*, 2026 WL 446289, at *3. In *Knick*, the Supreme Court clarified that "a property owner has a Fifth Amendment entitlement to compensation as soon as the government takes his property without paying for it." *Knick*, 588 U.S. at 190. This holding "changed the accrual analysis" for a

takings claim. *Rogne*, 2026 WL 446289, at *6. At least two courts in the Tenth Circuit have held that takings claims that would have been unavailable pre-*Knick*, accrued when *Knick* was decided in 2019. *See Rogne v. Catoosa*, No. 24-CV-00307-SH, 2025 WL 582563, at *7 (N.D. Okla. Feb. 21, 2025), *aff'd sub nom. Rogne v. City of Catoosa*, No. 25-5039, 2026 WL 446289 (10th Cir. Feb. 17, 2026); *Nash v. Bd. of Cnty. Commissioners of Cnty. of Catron, New Mexico*, No. 2:23-CV-00236-MLG-GBW, 2025 WL 2784966, at *3 (D.N.M. Sept. 30, 2025).

In certain circumstances, it is true that the accrual date for a statute of limitations can be extended due to a continuing violation. "[T]he continuing violation doctrine 'applies when the plaintiff's claim seeks redress for injuries resulting from a series of separate acts that *collectively constitute one unlawful act*, as opposed to conduct that is a discrete unlawful act.'" *Herrera*, 32 F.4th at 993 (citation omitted). "An important caveat to the continuing violation doctrine, however, is that it is triggered by continual unlawful acts, not by continual ill effects from the original violation." *Id.* "[A] continuing violation is actionable even before the last act of the violation where the conduct that has already occurred is sufficient to support a claim." *Sierra Club v. Oklahoma Gas & Elec. Co.*, 816 F.3d 666, 673 (10th Cir. 2016).

In *Dickinson*, the Supreme Court applied the continuing violation doctrine to a Takings Clause claim. *United States v. Dickinson*, 331 U.S. 745 (1947). The government in *Dickinson* raised a river pool in successive stages—gradually flooding the surrounding owner's land and eroding the soil on the new bank. *Id.* at 746. "Notice of the proposed pool elevation was given to abutting landowners." *Id.* Nonetheless, the Supreme Court held that "when the Government chooses not to condemn land but to bring about a taking by a continuing process of physical events, the owner is not required to resort either to piecemeal or to premature litigation to ascertain the just compensation for what is really 'taken.'" *Id.* at 749. The Court held that the

*Dickinson* plaintiffs could wait to file suit until the "situation becomes stabilized." *Id.*

Irrespective of the applicable statute of limitations, Las Soleras argues that the "continuing-violation doctrine" applies because "the City's Taking of private land is an ongoing injury." Doc. 25 at 3. The City disagrees arguing that "the statute of limitation on a takings claim begins to run when the government imposes a condition on a landowner, not when it physically takes the property." Doc. 30 at 3–4. Under these circumstances, I agree with the City.[2]

Las Soleras knew or had reason to "know of the injury which is the basis of the action" when the City conditioned approval of the master plan on Las Soleras improving and conveying park land. *See Herrera*, 32 F.4th at 990. Las Soleras had "a complete and present cause of action" at that moment. *See Rogne*, 2026 WL 446289, at *6. Just as in *Epcon Homestead*, the unconstitutional conditions claims here accrued "when the plaintiff became aware of the governmental conduct constituting the taking," which was when the plan was approved. *See Epcon Homestead, LLC*, 62 F.4th at 887. Las Soleras was not required to wait until the actual physical taking of the land to file a lawsuit. In fact, Las Soleras could have brought an unconstitutional conditions claim even if it did not agree to move forward with the City's plan. *See Koontz v. St. Johns River Water Mgmt. Dist.*, 570 U.S. 595, 606 (2013). Therefore, the claims accrued when the City demanded land as a condition of approving the master plan.

The City first conditioned approval on the Las Soleras conveying 21.4 acres of park land

---

[2] I agree with the City that, under these circumstances, the statute of limitations began to run when the government imposed the condition on the landowner, not when it physically takes the property. However, one could imagine a circumstance where an unconstitutional conditions claim accrued after the condition was originally imposed. *See Hills Devs., Inc. v. City of Florence, Kentucky*, No. CV 15-175-DLB-CJS, 2017 WL 1027586, at *4 (E.D. Ky. Mar. 16, 2017) (distinguishing between the original landowners and subsequent purchasers).

in 2009. Doc. 1 at 4 ¶ 14. Later, the City revised the plan demanding more park land and improvements. *Id.* The City last required Las Soleras to convey additional park land on September 12, 2018. *See* Doc. 13 at 8 (citing Doc. 13-1 at 3–4).[3] Thus, Las Soleras's most recent unconstitutional conditions claims began to accrue on September 12, 2018.

At the latest, Las Soleras's claim unconstitutional conditions claims accrued when the Supreme Court decided *Knick* in 2019. *See Rogne*, 2025 WL 582563, at *7 (N.D. Okla. Feb. 21, 2025). Pre-*Knick*, Las Soleras likely would have been required to exhaust its remedies in state court. *See Rogne*, 2026 WL 446289, at *3 (10th Cir. Feb. 17, 2026). There is no indication that Las Soleras pursued any remedy in state court for the unconstitutional conditions claims. So, because Las Soleras could not have brought its claims pre-*Knick*, some courts would hold that Las Soleras's claims did not begin to accrue until after *Knick* was decided. *See Rogne*, 2025 WL 582563, at *7 (N.D. Okla. Feb. 21, 2025); *Nash v. Bd. of Cnty. Commissioners of Cnty. of Catron, New Mexico*, 2025 WL 2784966, at *3. Therefore, the latest Las Soleras's unconstitutional conditions claims began to accrue is June 19, 2019, when the Supreme Court decided *Knick*.

The continuing violation doctrine does not apply to Las Soleras's unconstitutional conditions claim. Las Soleras argues that its injury is still ongoing because, under the agreed-upon plan, it is still required to improve and convey additional park land to the City. Doc. 25 at

---

[3] I agree with the City that, "[t]he Court may consider [the master plan and subsequent amendments] without converting this motion to one for summary judgment because they are matters of public record, are mentioned in the Complaint, and are central to Las Soleras's claims. *See Brickert v. Deutsche Bank Nat'l Trust Co.*, 380 F.Supp.3d 1127, 1133 n.1 (D. Colo. 2019) (collecting Tenth Circuit cases detailing documents that may be attached to a motion to dismiss)." Doc. 13 at 3 n.4. Furthermore, Las Soleras does not challenge the authenticity of the exhibits attached to the City's motion or challenge the Court's consideration of the exhibits.

5. However, the taking of property itself is not an injury under the Takings Clause, rather the injury is the taking of property without just compensation. *See Koontz*, 570 U.S. at 607. The constitutional violation, and thus the injury, occurred when the City burdened Las Soleras's right not to have property taken without just compensation, which was when the City conditioned approval of the master plan on an allegedly extortionate demand for property. The Tenth Circuit forbids applying the continuing violation doctrine because a plaintiff suffers the "continual ill effects from the original violation." *Herrera*, 32 F.4th at 993. The phased physical taking of Las Soleras's property is only a continuing ill effect of the permit condition. *Compare with Epcon Homestead, LLC*, 62 F.4th at 889 (holding that continued payments of impact fees was an ill effect of a permit condition, not a continued injury). Each time the City conditioned the master plan approval on Las Soleras's improving and conveying park land, it committed a single discrete act. S*ee Herrera*, 32 F.4th at 993; *see also Epcon Homestead, LLC*, 62 F.4th at 890 (4th Cir. 2023) (Rushing, J., concurring) (calling permit conditioning "a single act"). From that act, the statute of limitations began to run.

Las Soleras compares its case to *Dickinson*, where the Supreme Court applied the continuing violation doctrine to a Takings Clause claim. *See Dickinson*, 331 U.S. 745. But this case is easily distinguishable. Crucially, *Dickinson* did not involve a permitting condition. In *Dickinson*, the government unilaterally deprived the landowners of their land by flooding it over time. *Id.* at 746. And the Supreme Court was concerned that the landowners would have to "resort either to piecemeal or to premature litigation to ascertain the just compensation for what is really 'taken.'" *Id.* at 749. In Las Soleras's case, the scope of the taking is ascertainable from the face of the master plan. Furthermore, in *Dickinson*, the plaintiffs would not have been able to file a lawsuit until the physical takings occurred. The same is not true for Las Soleras. Las

Soleras had the ability to file suit as soon as the conditions were imposed—or alternatively, as soon as *Knick* was decided.

For these reasons, at the latest, the statute of limitations for Las Soleras's unconstitutional conditions claims expired on June 19, 2022. Therefore, the Court should dismiss Claims 3, 4, and 5 with prejudice. *See Gardner v. Schumacher*, No. 1:23-CV-00189-MIS-DLM, 2023 WL 5352452, at *2 (D.N.M. Aug. 21, 2023), *aff'd*, No. 23-2150, 2024 WL 5199962 (10th Cir. Dec. 23, 2024) ("A dismissal based on the running of the statute of limitations is treated as dismissal with prejudice.") (citations omitted).

### B. Las Soleras sufficiently alleges that it owned the property taken by the City.

The City argues that Las Soleras fails to allege that it "owned property taken by the City, which is an essential element of its takings claims." Doc. 13 at 9. Las Soleras responds asserting that it does have an actual property interest on which to base its claims. Doc. 25 at 6–10. I find that Las Soleras sufficiently alleged that it owns the property taken by the City.

"[T]o make out a Takings Clause claim, a plaintiff must plead that: (1) something was 'taken' by the government; (2) it was 'property'; (3) **it was the plaintiff's property**; and (4) it was taken 'for public use, without just compensation.'" *Knellinger v. Young*, 134 F.4th 1034, 1043 (10th Cir. 2025) (emphasis added). The allegations in the complaint "must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Corder v. Lewis Palmer Sch. Dist. No. 38*, 566 F.3d 1219, 1224 (10th Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The City asserts that, "Las Soleras does not allege any facts establishing that it owned

14

any of the parcels within the Property required to be dedicated to the City under the Master Plan." Doc. 13 at 10. Instead, Las Soleras merely states that it "sought to 'annex, develop, rezone, and subdivide' the Property." *Id.* (citing Doc. 1 at 4 ¶ 13). Las Soleras argues that "[b]ased on the allegations within the Complaint, and the stipulated facts, it is clear that Las Soleras owned the property that was deeded to the City, and property dedicated towards the remaining phases of the park project." Doc. 25 at 7.

As a threshold matter, the Court may not consider information outside of the complaint when ruling on a Rule 12(b)(6) motion with limited exceptions. *See Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1146 (10th Cir. 2013). In the response briefing, Las Soleras requests that the Court look to facts outside of the complaint to determine its sufficiency. *E.g.*, Doc. 25 at 7 (representing that any "application to the City for any land development request requires proof of the title to the property," which is not included in the complaint); *Id.* at 8 (discussing a contract between Las Soleras and one of its sub-developers that was not mentioned in the complaint). Las Soleras does not provide any legal authority for why the Court may consider this information. As such, I recommend the Court disregard the facts Las Soleras introduced that are not found in the complaint. *See Berneike*, 708 F.3d at 1146.

That said, the complaint, on its own, makes clear that Las Soleras owns the subject park land that has been and will be conveyed to the City. In the complaint, Las Soleras introduces itself as and repeatedly refers to itself as the "Landowner." *E.g.*, Doc. 1 at 1 ("Las Soleras Center, LLC ('Landowner') hereby files the following Complaint . . ."). Las Soleras refers to the land the City has taken and plans to take in the future as "Landowner's private property," i.e., Las Soleras's private property, several times. *Id.* at 2 ¶ 5; *Id.* ¶ 9; *Id.* at 14 ¶ 76. Furthermore, Las Soleras repeatedly states that it was required to "convey" the subject park land, more than

15

impling ownership. *Id.* at 3 ¶ 12. I disagree with the City's assertion that the complaint requires the Court to make an "attenuated inference of ownership." Doc. 30 at 5–6. Las Soleras clearly asserts that it owns the subject park land in the complaint.

As such, I recommend that the Court find that Las Soleras sufficiently asserted that it owned the property taken by the City.

### C. Las Soleras lacks standing to bring its park impact fee claims.

The City argues that Las Soleras lacks standing to bring its park impact fee claims (Claims 1, 2, 6) because the fees were not imposed on Las Soleras, but its sub-developers. Doc. 13 at 11–16; Doc. 1 at 11 ¶ 50. Las Soleras argues that it does have standing. Doc. 30 at 6–8. I agree with the City.

"Article III standing is a bedrock constitutional requirement that this Court has applied to all manner of important disputes." *Food & Drug Admin. v. All. for Hippocratic Med.*, 602 U.S. 367, 378 (2024) (quotation omitted). Federal courts are not "an open forum for citizens to press general complaints about the way in which government goes about its business." *Id.* at 379 (quotation omitted). "To establish standing, as [the Tenth Circuit] has often stated, a plaintiff must demonstrate (i) that she has suffered or likely will suffer an injury in fact, (ii) that the injury likely was caused or will be caused by the defendant, and (iii) that the injury likely would be redressed by the requested judicial relief." *Id.* at 380.

"To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016), *as revised* (May 24, 2016) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). "For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Id.* (string

16

citation omitted).

When "a plaintiff challenges the government's unlawful regulation (or lack of regulation) of *someone else*, standing is not precluded, but it is ordinarily substantially more difficult to establish." *Food & Drug Admin.*, 602 U.S. at 382 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 562 (1992) (quotation marks omitted). "That is often because unregulated parties may have more difficulty establishing causation—that is, linking their asserted injuries to the government's regulation (or lack of regulation) of someone else." *Id.* (string citation omitted). "Like the injury in fact requirement, the causation requirement screens out plaintiffs who were not injured by the defendant's action." *Id.* at 383.

In this case, the complaint fails to show that Las Soleras suffered a "particularized" injury as a result of the City imposing park impact fees on Las Soleras's sub-developers. *See Spokeo, Inc.*, 578 U.S. at 339. The City did not impose the park impact fees on Las Soleras. It only imposed the fees on Las Soleras's sub-developers. *See, e.g.*, Doc. 1 at 6 ¶ 23, 8 ¶ 31, 9 ¶ 42. Las Soleras did not pay the park impact fees on its sub-developers' behalf. Nor did the sub-developers assign their constitutional claims to Las Soleras. The complaint conclusively asserts that: "The City's imposition of park impact fees on Landowner's sub-developers caused injury and damages to Landowner . . . ." Doc. 1 at 17 ¶ 103. However, this statement is a legal conclusion without factual allegations to support it. *See Iqbal*, 556 U.S. at 679. The face of the complaint does not show how Las Soleras was impacted in a "personal and individual way." *See Spokeo, Inc.*, 578 U.S. at 339; *see also Herron v. Mayor & City Council of Annapolis, Md.*, 388 F. Supp. 2d 565, 569 (D. Md. 2005), *aff'd sub nom. Herron v. Mayor & City Council, Annapolis Maryland*, 198 F. App'x 301 (4th Cir. 2006) (also holding that a property owner had no standing to challenge impact fees paid by another); *Gray v. Owens*, 413 F. Supp. 2d 573, 578 (D. Md.

2006) (same). Thus, the complaint fails to show that Las Soleras suffered a "particularized" injury as to the park impact fee claims. *See Spokeo, Inc.*, 578 U.S. at 339.

Additionally, the complaint fails to establish causation. *See Food & Drug Admin.*, 602 U.S. at 382. Here, just as in *Food & Drug Admin.*, Plaintiff is challenging "the government's unlawful regulation . . . of *someone else*," which is "substantially more difficult to establish." *Id.* And just as *Food & Drug Admin.*, Plaintiff has "difficulty establishing causation" because it did not link its "asserted injuries to the government's regulation (or lack of regulation) of someone else." *Id.* The closest Las Soleras comes to asserting an injury caused by the park impact fees is the statement: "Landowner is unable to offset the costs of improving the Regional Park and the trail networks without the exemption for residential developments within Las Soleras." Doc. 1 at 11 ¶ 53, 12 ¶ 64. However, I agree with the City that, "[t]he Complaint does not describe how any offset would occur." Doc. 13 at 13. The complaint does not connect the City imposing a fee on third parties with Las Soleras's lost income. Plaintiff fails to plead "factual content that allows the court to draw the reasonable inference" that Las Soleras suffered an injury caused by the City's imposition of park impact fees on the sub-developers. *See Iqbal*, 556 U.S. at 678.

In the response briefing, Las Soleras does provide some context for how it was directly injured by the City imposing costs on at least one sub-developer. *See* Doc. 25 at 8–10. But that context is not discernable from the complaint.[4] Thus, the Court may not consider it. *See*

---

[4] Las Soleras does not request to amend its complaint. However, if it were to include information showing that it lost profit based on the City imposing impact fees on the sub-developers, Las Soleras's "injury in fact" problem, and thus its standing problem, may be cured. Still, it is not clear that Las Soleras could state a Takings Clause claim based on the park impact fees because, unlike the park land, the property for which the impact fees are being assessed no longer belongs to Las Soleras, it belongs to the sub-developers. *See Knellinger*, 134 F.4th at 1043 (listing "it was the plaintiff's property" as an element of a Takings Clause claim).

*Berneike*, 708 F.3d at 1146. The complaint itself does not provide sufficient facts to show how Las Soleras suffered an injury caused by the City based on the City imposing park impact fees on third parties.

Finally, Las Soleras disavows the City's accusation that Las Soleras is attempting to assert third-party standing on behalf of its sub-developers. Doc. 25 at 6, 8; *see also Kowalski v. Tesmer*, 543 U.S. 125, 130 (2004) (discussing the requirements for third-party standing). Thus, I do not assess whether or not Las Soleras has third-party standing.

In sum, based on the facts alleged in the complaint, Las Soleras lacks standing to bring its federal claims (Claims 1, 2, and 6) based on the park impact fees. *See Food & Drug Admin.*, 602 U.S. at 380.

### D. The Court should decline to exercise supplemental jurisdiction over Las Soleras's state law claims.

The City argues that the Court should dismiss Las Soleras's claims brought under state law for three reasons. Doc. 13 at 16–18. First, the City argues that the state law claims are barred under the same rationale as the federal claims. *Id.* at 16. Second, the City states that Las Soleras did not assert a private right of action for its state law claims. *Id.* at 17. Third, the City argues that the Court should decline to exercise supplemental jurisdiction over the state law claims. *Id.* at 17–18. Las Soleras responds arguing only that the Court should exercise supplemental jurisdiction. Doc. 25 at 10. Because I recommend the Court dismiss Las Soleras's federal claims, I recommend the Court decline to exercise supplement jurisdiction over Las Soleras's state law claims (Claims 7–10).

"The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C.

§ 1367(c)(3). "When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) (citation omitted). "In making this determination, the district court must consider the 'nature and extent of pretrial proceedings, judicial economy, convenience, and fairness.'" *Tufaro v. Oklahoma ex rel. Bd. of Regents of Univ. of Oklahoma*, 107 F.4th 1121, 1141 (10th Cir. 2024) (citation omitted). "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

In accordance with the Tenth Circuit's guidance that the district courts "usually should" decline to exercise supplemental jurisdiction when all federal claims have been dismissed, I recommend the Court do the same here. *See Koch*, 660 F.3d at 1248. With all the federal claims dismissed, the principles of "comity" and "justice" counsel towards dismissal without prejudice. *See United Mine Workers of Am.*, 383 U.S. at 726. The procedural posture also weighs in favor of declining to exercise supplemental jurisdiction. *See Tufaro*, 107 F.4th at 1141. Discovery in this case has been stayed since shortly after the City filed this motion to dismiss. *See* Doc. 27. This motion will be the first dispositive motion the Court will have ruled on in this case. Thus, the "nature and extent of pretrial proceedings" weigh in favor of declining to exercise supplemental jurisdiction. *See Tufaro*, 107 F.4th at 1141. Therefore, I recommend the Court decline to rule on the state law claims.

The City also asks that the Court dismiss the state law claims on the merits for the same reasons as the federal claims. Doc. 13 at 16. However, to make this determination, the Court would have to analyze the relevant New Mexico law, which is not briefed here save for a short

20

paragraph in Plaintiff's opening brief. *See id.* Moreover, as the City points out, Las Soleras fails to assert a right of action on which its constitutional claims are based. It would be difficult to issue a ruling on the merits of Las Soleras's state law claims without having a basis for the right of action. As such, declining to decide the state law claims is the more judicious approach.

Finally, the Court could dismiss the state law claims on the merits because Las Soleras failed to respond to the City's argument that Las Soleras failed to assert a valid right of action. "[F]ailure to respond to an argument raised in a motion constitutes consent to grant the motion to the extent associated with that particular argument." *Colt & Joe Trucking, LLC v. U.S. Dep't of Lab.*, No. 24-CV-00391-KWR-GBW, 2025 WL 56658, at *17 (D.N.M. Jan. 9, 2025) (quoting *Lewis v. XL Catlin*, 542 F. Supp. 3d 1159, 1168 n.6 (D.N.M. 2021), *appeal dismissed*, No. 21-2077, 2021 WL 6197126 (10th Cir. Sept. 27, 2021)). Still, for the reasons stated above, I believe that other factors counsel against deciding the state law claims on the merits. *See Tufaro*, 107 F.4th at 1141.

With the dismissal of the federal claims, the Court should decline to exercise jurisdiction over the remaining state law claims. *See* § 1367(c)(3). Therefore, I recommend the Court dismiss the claims without prejudice. *Orosco v. Bannister*, No. 221CV01007MLGGJF, 2023 WL 6685870, at *6 (D.N.M. Oct. 12, 2023) (dismissing claims without prejudice after declining to exercise supplemental jurisdiction).

## IV.    Recommendation

I recommend that the Court GRANT the City's Motion to Dismiss (Doc. 13). Specifically, I recommend that the Court:

1. Find that Las Soleras's unconstitutional conditions claims (Claims 3, 4, 5) are barred by the statute of limitations. *Supra* § III(A).

2. Find that Las Soleras sufficiently alleges that it owned the property taken by the City. *Supra* § III(B).

3. Find that Las Soleras lacks standing (Claims 1, 2, 6) to bring its park impact fee claims. *Supra* § III(C).

4. Decline to exercise supplemental jurisdiction over Las Soleras's state law claims (Claims 7–10). *Supra* § III(D).

Based on these findings, I recommend the Court dismiss Las Soleras's federal claims (Claims 1–6) with prejudice and dismiss the state law claims (Claims 7–10) without prejudice.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). Written objections must be both timely and specific.** *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma***, 73 F.3d 1057, 1060 (10th Cir. 1996). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. Failure to file timely and specific objections will result in waiver of** *de novo* **review by a district or appellate court.** *Id.* **In other words, if no objections are filed, no appellate review will be allowed.**

---

JENNIFER M. ROZZONI
United States Magistrate Judge